

**7 Times Square**
**21st Floor**
**New York, NY 10036**
**T: 212-808-0700**
**F: 212-808-0844**

*Direct Dial: 908252-4208*
*Email: naduston@norris-law.com*

May 8, 2025

**Via ECF**
Hon. Vernon S. Broderick
U.S. District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

  **Re:**  **Mercedes-Benz Financial Services v. City of New York,** *et al.* **– 1:21-cv-03908**
     **VW Credit, Inc. v. City of New York,** *et al.* **– 1:22-cv-02310**
     **VW Credit Leasing, Ltd. v. City of New York,** *et al.* **– 1:23-cv-00856**
     **Santander Consumer USA, Inc. v. City of New York,** *et al.* **– 1:21-cv-08529**
     **Plaintiffs' Letter re May 15, 2025 Court Conference**

Dear Judge Broderick:

  This firm represents Mercedes-Benz Financial Services USA, LLC ("MBFS"), VW Credit, Inc. and VW Credit Leasing, Ltd. ("VW"), and Santander Consumer USA, Inc. ("Santander," and referred together with MBFS and VW as "Plaintiffs"). Plaintiffs do not join the letter submitted by defendants The City of New York ("CNY"), Breen Bros Towing, Inc., and Five J's Automotive LTD (the "Defendants"), for the reasons explained below. Instead, Plaintiffs submit this letter pursuant to Your Honor's requests in the captioned actions in advance of the May 15, 2025 telephonic conference.

  On March 11, 2025, Your Honor issued an opinion and order in the MBFS action granting in part and denying in part the parties' motions for summary judgment. *See* Doc. No. 98 (the "MBFS SJ Order"). On March 27, 2025, Your Honor issued an Order in the related to three additional actions by VW and Santander, respectively, scheduling a status conference and directing the parties to meet and confer to discuss the impact, if any, of the MBFS SJ Order.

  Plaintiffs and defendant The City of New York ("CNY") have met and conferred on this issue. Unfortunately, even in light of the MBFS SJ Order, the parties have not been able to either resolve or narrow the issues in any of the other three matters. Plaintiffs recently sent settlement offers to Defendants, but Defendants refused to respond with *any* counteroffer *at all*. Moreover, although Plaintiffs are willing to stipulate to *any* rational, non-nominal damages number, CNY further refuses to even propose any non-nominal amount *at all*.



BRIDGEWATER, NJ | NEW YORK, NY | ALLENTOWN, PA

WWW.NORRISMCLAUGHLIN.COM

**Norris McLaughlin, P.A.**

May 8, 2025
Page 2

      It is frustrating that CNY has abjectly refused to even consider narrowing the issues before the Court, but, unfortunately, Plaintiffs believe the Court must proceed to adjudicate the pending motions in the VW and Santander cases, and schedule further proceedings in the MBFS matter.

      Worse, more recently Plaintiffs have become aware that CNY, joined by all Defendants, intends to file a lengthy letter containing legal arguments relating to these pending litigations. To begin with, their initial proposal was lengthy and violates Rule 1.A. of Your Honor's Individual Rules & Practices in Civil Cases, which rule requires all letters to be three pages or less. CNY's anticipated submission is an unauthorized supplemental brief, which is highly inappropriate, particularly in the three cases which have pending, fully briefed summary judgment motions. We do not read the Court's order as requesting supplemental briefing on any issue; rather, the parties were to meet and confer on the identified issues and then provide the Court with a status update. As directed, the parties conferred as to whether they can stipulate to a damages number and whether any other issues could be narrowed in light of the MBFS SJ Order. Before even meeting with Your Honor to discuss what proceedings—if any—are needed in these matters, it is not appropriate to file a document containing additional legal argument. Notably, since this case involves detailed discussion of *procedural due process*, it is completely inappropriate to submit substantive legal arguments to the Court outside of an appropriate briefing schedule, with adequate time and opportunity for an adverse party to oppose and object to those arguments.

      Thus, should CNY submit an argumentative letter—and especially if it exceeds 3 pages in length—we respectfully request that the Court strike it and not consider it. However, in the event Your Honor decides to accept CNY's anticipated over-length, argumentative submission, we respectfully request the Court set a schedule for Plaintiffs to respond before the Court acts on anything contained in that submission.

      As to CNY's proposed "hearing" procedure, CNY already argued—and lost—that it could simply allow affected individuals to make a phone call in order to satisfy due process. Apparently not realizing it lost this argument, CNY now proposes that affected parties be allowed to write it a letter objecting to its actions to satisfy due process. This is inadequate on its face because, for example, CNY's "hearing" policy is limited to the single issue of whether the vehicle should have been towed, does not specify what person will conduct the hearing, does not allow the affected individuals to review the government's position and respond to it, and places the entire onus on the affected individual to prove a negative (that he car should *not* have been towed). However, it is not appropriate to adjudicate what process *would be* due by way of letter. Suffice it to say that CNY's proposed procedure is the written equivalent of its failed "call us to complain" due process argument that the Court already rejected, simply instead saying "write us to complain."

      In light of the foregoing, MBFS respectfully requests the Court to set down a schedule for a damages trial or supplemental briefing deadlines for MBFS to move for damages in light of the findings and rulings made in the MBFS SJ Order. VW and Santander respectfully request that no further submissions be allowed unless and until (a) the Court requests them, or (b) the Court adjudicates the motions pending in those cases.

**Norris McLaughlin, P.A.**

May 8, 2025
Page 3

      We thank the Court for its time and consideration of this matter.

      Respectfully Submitted,

      **Norris McLaughlin, P.A.**

      By: _/s/ Nicholas Duston_
      Nicholas A. Duston, Esq.

cc:    All Counsel of Record (via ECF)