

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GENAN F. ZILKHA**
phone: (212)356-2212
email: gzilkha@law.nyc.gov

May 8, 2025

**By ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>Mercedes-Benz Financial Services USA, LLC v. City of New York, et al</u>., Case
      No: 21 Civ. 3908 ("<u>MBFS</u>"); <u>VW Credit, Inc. v. City of New York, et al</u>. 22 Civ.
      02310 ("<u>VW Credit</u>");<u>VW Credit Leasing, Ltd. v. City of New York, et al</u>. 23
      Civ. 00856 ("<u>VW Credit Leasing</u>"); and <u>Santander Consumer USA, Inc. v. City
      of New York, et al</u>. 21 Civ. 08529 ("<u>Santander</u>")
      <u>Letter re: May 15, 2025 Court Conference</u>

Your Honor:

   We are attorneys in the Office of Muriel Goode-Trufant, Corporation Counsel of the City
of New York. We represent the Defendant City of New York ("City") in this action and write
jointly with Defendants Five J's Automotive Ltd and Breen Bros Towing. This letter is
submitted in accordance with the Court's directive in the March 11, 2025 decision ("Decision")
in the above captioned action, <u>MBFS</u>, ECF No. 98 in which the Court directed the parties to
submit a joint letter addressing: (1) the appropriate amount of compensatory damages, if any, and
(2) the proper remedy to address the due process violation. Subsequently, on April 4, 2025, the
Court directed that the joint letter discuss the impact of <u>Santander</u>, <u>VW Credit</u>, and <u>VW Credit
Leasing</u>. Following an unsuccessful meet and confer at which time the parties could not agree on
any of these delineated topics, the City anticipated that the parties would submit a joint letter
with the parties setting forth their individual positions on each topic. Yesterday, after remitting a
draft of the City's portion of the joint letter, Plaintiff's counsel stated they would not incorporate
the City's positions into a joint letter because they believe the Court was simply requesting a
"status letter." That is not our understanding of this Court's orders. Accordingly, in light of
Plaintiff's counsel's refusal to incorporate the City's positions into a joint letter, the City is left
with no choice but to file this letter setting forth its position.

## A. The Impact of the <u>MBFS</u> Decision on Pending Summary Judgment Motions

   **DOF Tow Cases**. For purposes of this letter, the City finds no basis to argue that a
different outcome should result in <u>VW Credit</u> and <u>VW Credit Leasing</u>, which address the same
procedures that were at issue in <u>MBFS</u>, namely, New York City Department of Finance ("DOF")
procedures relating to towing vehicles for judgment debt totaling more than $350 for parking

and/or camera violation judgments. Moreover, the parties raised the same arguments in all three cases, and so the Court is likely to resolve all arguments in the same way. With that said, the City is not waiving its objections to the rationale underlying the Court's determination in <u>MBFS</u>.

**NYPD Tow Case**. The City maintains that the Court's decision in <u>MBFS</u> does not resolve the pending motions in <u>Santander</u>, which addressed NYPD procedures for towing a damaged and abandoned vehicle from an arterial City road. The parties raised different legal arguments than were raised in <u>MBFS</u>. While the Court's reasoning in dismissing Plaintiff's Takings and Fourth Amendment seizure claims should also apply to the NYPD tow since the regulatory action is, if anything, more reasonable than it was in the context of the DOF tow for accumulated parking fines, the procedural due process claim is different in the two cases. For example, in <u>MBFS</u>, the Court stated that the risk of erroneous deprivation is high because the City has a direct pecuniary interest in the outcome because it retains the outstanding judgment amount. As we previously noted in the <u>MBFS</u> briefing, the City submits that this is incorrect insofar as the DOF policy is to release the vehicle to the lienholder without regard to the judgment debt. But, in any event, that interest does not exist in the arterial tow context because there is no outstanding judgment debt. Further, whether a vehicle is abandoned or disabled on a roadway is self-evident, as is the public safety interest in removing such a vehicle. Finally, here, as in the DOF tow cases, the City does not concede that Plaintiffs have a protected property interest in retrieving a lawfully towed vehicle free from statutorily authorized towing fees and storage costs. See <u>Ford Motor Credit Co. v. N.Y. City Police Dep't</u>, 503 F.3d 186, 190 n.7 (2d Cir. 2007); <u>see also</u> <u>Miller v. Chicago</u>, 774 F.2d 188, 195-96 (7th Cir. 1985).

### B. Damages

**Nominal Damages.** "[C]ompensatory damages would be appropriate only where the plaintiff could demonstrate that he had suffered some injury as a result of the denial of due process, such as by showing that the outcome would have been different had process been afforded, or that he had suffered emotional distress directly from the denial of due process, rather than from the denial of the liberty or property interest." <u>Brody v. Village of Port Chester</u>, 345 F.3d 103, 112 (2d Cir. 2003). "[I]n the absence of proof of actual injury, the [plaintiff is] entitled to recover only nominal damages." <u>Carey v. Piphus</u>, 435 U.S. 247, 248 (1978). Plaintiffs are entitled to nominal damages only. There is no evidence that the outcome in these cases would have been different had Plaintiffs received more process. In <u>VW Credit</u> and <u>VW Credit Leasing</u>, Plaintiffs received prompt notice of the tows, requested and received from the City holds on auction of the vehicles, and, with notice that storage fees were accruing at a daily rate, failed to take prompt action to recover the vehicles until months later. See Defendant City of New York's Local Rule 56.1 Statement in VW Credit, Inc. ("VW Credit 56.1")(ECF No. 53) ¶ 54; Defendant City of New York's Local Rule 56.1 Statement in VW Credit Leasing ("VW Credit Leasing 56.1") (ECF No. 42) ¶ 77. Plaintiffs then obtained authorization to pick up the vehicles, paid the fees, and subsequently picked up the vehicles. At the time, or even in this proceeding, Plaintiffs did not claim that the City towed the wrong vehicle nor did they challenge the calculation of fees. Moreover, this Court concluded that Plaintiffs are not challenging the City's ability to charge such fees. Accordingly, these Plaintiffs are only entitled to nominal damages.

Similarly, in <u>MBFS</u>, Plaintiff received prompt notice of the tow, requested and received from the City a hold on auction of the vehicle, and obtained prompt approval from the City to pick up the vehicle from the tow vendor. See Defendant City of New York's Local Rule 56.1

Statement ("MBFS 56.1") (ECF No. 74) ¶¶ 41-45. At the time the City authorized Plaintiff to pick up the vehicle, it informed Plaintiff that a stay of public auction of the vehicle would expire in three weeks. Id. at ¶¶ 45, 46. Plaintiff took no further action with respect to the vehicle after receiving such authorization and notice of an expiring sales hold. Accordingly, the City auctioned the vehicle, retained a portion covering costs, fees, and judgment, and returned the remainder to the owner. Id. at ¶ 47. Plaintiff does not claim that its failure to take action to pick up the vehicle was due in any part to a lack of process afforded them by the City. The facts instead demonstrate that the MBFS Plaintiff committed an error in failing to take steps to protect its interest in the vehicle.

Separately, Plaintiffs' financing agreements provided that they could recover repossession costs from the title owner or lessee. See MBFS 56.1 ¶ 53; VW Credit Leasing 56.1 ¶ 65; and VW Credit 56.1 ¶ 62. Following the MBFS decision, Plaintiffs' counsel informed City's counsel that the City is not entitled to information about whether Plaintiffs recovered costs from the lessee or title owner and that it can recover such costs from whomever they want, purportedly on a theory of joint and several liability. But, see, Boyd v. City of Buffalo, 2025 U.S. Dist. LEXIS 12242, at *30 (W.D.N.Y. Jan. 22, 2025) (concluding that Restivo v. Hessemann, 846 F.3d 547 (2d Cir. 2017) compels a finding that joint and several liability does not apply to Section 1983 claims). Regardless of whether Plaintiffs' position is accurate, Plaintiffs are not entitled to a windfall and their failure to disclose whether they have in fact already recovered what they were owed under the installment contract from the registered owner of the vehicle should preclude a more than nominal recovery.

**Failure to Mitigate Damages**. Assuming, arguendo, Plaintiffs can establish actual damages, Plaintiffs failed to mitigate their damages, a defense raised by the City in its answer. See Cary Oil Co. v MG Ref. & Mktg., 257 F. Supp. 2d 751, 763 (S.D.N.Y. 2003). In VW Credit and VW Credit Leasing, Plaintiffs bear responsibility for the fact that these vehicles were in the City's possession for months accruing fees. See VW Credit 56.1 ¶¶ 53-61, 71-81; VW Credit Leasing 56.1 ¶¶ 76-94. Under these circumstances, the City should not be held responsible for the fees that accrued during that time, nor should the City bear any responsibility for additional depreciation of the vehicles due to the Plaintiffs' dilatory conduct in retrieving the vehicles. In MBFS, Plaintiff failed to take action to protect its interest in the vehicle after receiving authorization from the City to pick up the vehicle. Through negligence or otherwise, Plaintiff simply sat by while the noticed sales hold expired and the City sold the vehicle. MBFS 56.1 ¶¶ 47, 48. Plaintiff's failure to mitigate damages weighs against awarding Plaintiff the auction price of the vehicle, which Plaintiff identified as its alleged damage amount.

## C. Remedies

Notwithstanding the foregoing, and without waiving any of its appellate remedies related to this Court's liability findings, the City proposes procedures set forth in Exhibit "A" to rectify the deficiencies identified by this Court related to DOF tows. Through this procedure, the party can present evidence regarding the propriety of the tow and fees, namely, whether the wrong vehicle was towed, that the registered owner did not in fact accrue more than $350 in judgment debt, or that the fees are incorrectly calculated. The interested parties will not be able to challenge the underlying parking and/or camera violations.

Thank you for your consideration in this matter.

Respectfully submitted,

Genan F. Zilkha
Assistant Corporation Counsel

CC: All counsel, by ECF

# EXHIBIT A

**Proposed Procedure**

1. Once a vehicle is towed, in the tow notice, the City will inform the parties of the process for retrieving the vehicle, including the documentation required to obtain a release of vehicle, and an opportunity to contest the propriety of the tow, the City's retention of the vehicle, and the calculation of fees. The notice will provide that the required documentation, as well as any documentation supporting any challenge to the propriety of the tow, the City's retention of the vehicle, and the calculation of fees, be submitted to ParkingEnforcement@finance.nyc.gov.

2. The tow notice will inform the parties that, if unclaimed, the vehicle will be sold at auction within 10 days or thereafter. The City will afford parties the opportunity to request that auction be stayed for no more than 21 days.

3. To the extent the party seeks to challenge the propriety of the tow, the City's retention of the vehicle, and/or the calculation of the fees, the party must submit to the challenge within 14 calendar days of the date of the tow notice. Parties who do not submit a challenge within 14 calendar days of the date of the tow notice waive their ability to dispute these matters.

4. The documentation will be reviewed by the Director of DOF's Parking Enforcement Unit or a DOF employee under their supervision.

    a. If the party demonstrates that it has an interest in the vehicle, DOF will review the challenge to the propriety of the tow, the City's retention of the vehicle, and/or the calculation of fees. Within five business days of receipt of the submission, DOF will notify the party in writing of its determination regarding the challenge and, if appropriate, issue a notice authorizing release of the vehicle. The determination will be deemed final and subject to New York Civil Practice Law and Rules ("CPLR") Article 78 review. Any notice authorizing release of the vehicle will afford the party no more than 14 calendar days to pick up the vehicle, and if such time period elapses, the City may sell the vehicle at public auction.

    b. If the party does not demonstrate that it has an interest in the vehicle, DOF will notify such party of the determination in writing, and such determination will be final and subject to review in a CPLR Article 78 proceeding.